THOMPSON, PLAINTIFF, *v.* CINCINNATI, A MUNICIPAL CORPORATION, ET, DEFENDANTS.

Common Pleas Court, Hamilton County.

No. A-193408.   Decided November 1, 1963.

*Messrs. Douglas & Carlier,* for plaintiff.
*Mr. William A. McClain,* city solicitor, By *Mr. William H. Brewe,* assistant city colicitor, for City of Cincinnati.
*Mr. Vernon Stiver,* director of law, City of Loveland.
*Mr. John W. Hudson* of *Messrs. Taft, Stettinius & Hollister,* for defendant, Cincinnati Union Terminal Company.

SCHNEIDER, J.   Plaintiff lives in the municipal corporation of Loveland, Ohio; he works in the municipal corporation of Cincinnati, Ohio, where he received salaries or wages for his services.

The law permits all municipal corporations in Ohio to levy and collect income taxes on any or all types of income in an amount not to exceed one per cent of the total income to be taxed.

Both Cincinnati and Loveland levy such a tax in the amount of one per cent on salaries earned; both cities levy such a tax upon residents and non-residents. Both cities seek to collect from the plaintiff in this case, one per cent of the salaries or wages which he receives as an employee of the defendant, Union Terminal Company. If he pays both levies he would be paying two per cent of his salary as an income tax.

The Court is of the opinion that he should not be compelled to pay an income tax based upon his salary to two different municipal corporations where each is demanding a full one per cent thereof.

It is therefore necessary that the Court determine, under the issues raised in this case, where and to whom, if at all, he is to pay a one per cent income tax.

It appears that the right of any municipality in Ohio to levy any form of income tax stems from the Ohio Constitution which simply states:

"Laws may be passed providing for the taxation of incomes and may be applied to such incomes as may be designated by law."

The courts have held that since the state has not seen fit to enter into the field of taxing incomes municipalities are free to enter this field. Some of them have.

Thereupon the legislature of Ohio undertook to pass legislation upon the subject. A study of Section 718.02 et seq., Revised Code, would indicate that the legislature has determined that any wages or salaries taxed as income are to be levied and assessed by a municipal corporation upon any such wages and salaries earned within the corporation, whether by residents or non-residents of that corporation. In other words, as to income tax on salaries and earnings, the taxable situs is the place where the income is earned.

This being so the Court finds:

That the City of Cincinnati has the right to collect an income tax of one per cent upon the wages of plaintiff earned by

him as an employee of the Cincinnati Union Terminal Company in the City of Cincinnati;

That the City of Loveland has no authority to levy or collect from plaintiff any income tax upon his salary earned by him while working in the City of Cincinnati.